IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROXIE SMITH, } | |
| } | |
| *Plaintiff*, } | |
| v. } | Civil Action No. H-08-1128 |
| } | |
| J.L. WALTERS, *et al*, } | |
| } | |
| *Defendants*. } | |

**OPINION AND ORDER**

Presently before the Court are Defendant J.L. Walters Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim – FRCP 12(B)(6) (Doc. 8) and Plaintiff's Conditional Cross-Motion Pursuant to Rule 56(f) (Doc. 10). Upon review and consideration of these documents, the responses and replies thereto, and the relevant legal authority, the Court finds that both motions should be DENIED without prejudice and that the plaintiff should be granted leave to amend her complaint.

I.  Background and Relevant Facts

On April 14, 2008, Plaintiff Roxie Smith (Smith) filed suit against Defendants J.L. Walters (Walters), Mary Elizabeth Irvine (Irvine), Pat Norris (Norris), Kathy Miller (Miller), Avis Budget Car Rental, LLC (Avis Budget), Avis Rent A Car System, LLC (Avis), and "John Does 1-10" asserting claims for common law malicious prosecution, negligence, and *respondeat superior*, as well as a claim under 42 U.S.C. § 1983 (Doc. 1).[1] With respect to the claim brought pursuant to 42 U.S.C. § 1983, Walters has filed a motion to dismiss for lack of jurisdiction and failure to state a claim.

---

[1] The plaintiff has amended her complaint twice since the inception of this lawsuit. The plaintiff's second amended complaint, which was filed with the Court on October 28, 2008, does not name Irvine as a defendant (Pl.'s 2d Am. Compl., Doc. 23). It does, however, name Durham & Durham Enterprises, Inc. (Durham) (*Id.*).

On August 21, 2006, Smith leased a blue Hyundai Sonata with the vehicle identification number 5NPEU46FX7H157965 (the rental car) from Avis Budget located at 12620 FM 1960 W, #A3, Houston, Texas (the rental site) (*Id.* at ¶¶ 12, 14). Smith claims that she physically returned the rental car to the rental site on September 18, 2006, at which time one of the employees noted the car's return. (*Id.* at ¶¶ 15, 16). Smith further alleges that computer records from the rental site indicate that she had returned the rental car no later than October 4, 2006, and that, as of that date, her credit card had been debited for all of the outstanding charges pertaining to her use of the rental car. (*Id.* at ¶ 17).

Smith alleges that, on October 31, 2006, two of the rental site employees, Norris and Miller, reported to Walters that Smith had failed to return the rental car. (*Id.* at ¶ 18). Norris and Miller alleged that Smith had stolen the vehicle. (*Id.*). Based upon his conversations with Norris and Miller, Walters, an officer with the Harris County Sherriff's Office, prepared a probable cause affidavit and submitted it to Irvine, a Harris County Assistant District Attorney. (*Id.* at ¶ 7, 21). Irvine consequently filed a criminal complaint against Smith in the 230th District Court, Harris County, Texas (Cause No. 1091043) on November 1, 2006. (*Id.* at ¶ 22) (Doc. 8 Ex. A). Based upon that complaint, a magistrate found probable cause to arrest and detain Smith. (Doc. 8 Ex. B). On February 22, 2007, the grand jury indicted Smith. (Doc. 8 Ex. C).

Smith further alleges that Walters failed to conduct a sufficient investigation to conclude that probable cause existed to arrest and prosecute her for theft or to conclude that the charges made by Norris and Miller were valid. (Pl.'s 2d Am. Compl., Doc. 23 at ¶ 26). Smith asserts that, based on the actions of Walters, Norris, and Miller, she was arrested, compelled to appear in court and retain counsel, and faced the possibility of incarceration. (*Id.* at ¶ 28). Smith alleges that, just before the trial, a Harris County Assistant District Attorney learned that Smith

had returned the rental car before Norris and Miller alleged that it had been stolen, and the criminal charges against Smith were dismissed.  (*Id.* at ¶¶ 29, 30).

II.         Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted).  A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 1974.  However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  District courts are, however, permitted to rely on matters of public record.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995)).

III.  Discussion

Section 1983 provides, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. However, as the Supreme Court held in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), government officials performing discretionary functions generally are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id*. at 818 (citing *Procunier v. Navarette*, 434 U.S. 555, 565 (1978); *Wood v. Strickland*, 420 U.S. 308, 322 (1975)) (footnote omitted). This is known as qualified immunity.

The Court uses a two-part test to determine the applicability of qualified immunity. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). First, the Court considers whether the "asserted constitutional injury involved a clearly established right at the time of the unfortunate event." *Id.* (citing *Hare v. City of Corinth, Ms.*, 22 F.3d 612, 614 (5th Cir. 1994)). Second, the Court considers whether the officer's actions were objectively reasonable. *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). "Objective reasonableness is assessed in light of legal rules clearly established at the time of the incident." *Id.* (citing *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). Police officers who "reasonably but mistakenly conclude that probable cause is present" are entitled to qualified immunity. *Id.* at 1017 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson*, 483 U.S. at 641)). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but

the plainly incompetent or those who knowingly violate the law.'" *Id.* (citing *Hunter*, 502 U.S. at 229 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In Smith's claim under 42 U.S.C. § 1983, she contends that Walters acted under color of state law.  Specifically, Smith argues that Walters had an obligation and a duty not to prosecute her before conducting a rudimentary investigation to determine whether there was non-hearsay evidence to establish probable cause for her arrest and prosecution.  Smith argues that such reckless disregard for the truth resulted in her arrest and prosecution causing her to suffer emotional and pecuniary damages.  Walters maintains, however, that the doctrine of qualified immunity applies.  He states that the plaintiff is suing him for negligence in not further investigating the allegations made by the Avis employees, and he argues that the negligent deprivation of life, liberty, or property is not a constitutional deprivation.  He further contends that there was, in fact, probable cause to arrest and detain Smith.

Smith alleges that computer records from the rental site indicate that she returned the rental car no later than October 4, 2006, and that, as of that date, her credit card had been debited for all of the outstanding charges pertaining to her use of the rental car.  In her opposition and cross-motion, Smith contends that "Defendant Walters de-selected, i.e. omitted, dispositive exculpatory proof, namely, an invoice from Avis' own records[.]"  (Doc. 10 at 2) (emphasis in original).  Smith, however, failed to include this conclusory and speculative allegation in her second amended complaint.  Instead, she waited until filing her opposition and cross-motion and then requested that the Court infer that Walters "'buried' this probative and exculpatory documentary proof without good cause, making his act, or omission, objectively unreasonable." (*Id.* at 3).

The Court will not consider these allegations and statements in ruling on the defendant's motion because they are not contained in Smith's live pleading. *See FMC Int'l A.G. v. ABB Lummus Global, Inc.*, No. Civ. A. H-04-3896, 2006 WL 213948, at * 4 (S.D.Tex. Jan. 25, 2006) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *Lovelace*, 78 F.3d at 1017; *Morgan Distributing Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *see also 2 Moore's Federal Practice*, § 12.34[2] (3d ed.) ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

At this time, the Court declines to rule on the sufficiency of Smith's second amended complaint. Instead, the Court will provide Smith with an additional opportunity to amend so that she may clarify for the Court, as well as Walters, which constitutional or statutory rights Walters allegedly violated under 42 U.S.C. § 1983.

Because the Court has decided to deny the defendant's motion to dismiss and grant the plaintiff leave to amend her complaint, it declines to address the plaintiff's alternative argument that the motion to dismiss be converted into a motion for summary judgment and that she be given additional time within which to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f).

IV.      Conclusion

For the reasons stated above, the Court hereby ORDERS that Defendant J.L. Walters Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim – FRCP 12(B)(6) (Doc. 8) and Plaintiff's Conditional Cross-Motion Pursuant to Rule 56(f) (Doc. 10) are DENIED without prejudice. The Court further ORDERS that Plaintiff Smith has TWENTY (20) DAYS from the date this Opinion and Order is issued in which to serve an amended complaint.

- 7 -

SIGNED at Houston, Texas, this 4th day of March, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE